UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL BENAVIDES,<br><br>　　Petitioner,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　Respondent. | Case No.: 1:13-cv-00365-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: RESPONDENT'S MOTION TO DISMISS**<br><br>**(Docket No. 9)** |

Now pending before the Court is Respondent's Motion to Dismiss (Docket No. 9). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  BACKGROUND

Petitioner seeks judicial review of the denial of a claim for benefits under Titles II and XVI of the Social Security Act.  Through its Motion to Dismiss, however, Respondent argues that Petitioner has failed to exhaust administrative appeal remedies with respect to that claim for benefits.  The relevant factual/procedural background includes:

　　1.　　Petitioner filed applications for a Period of Disability, Disability Insurance Benefits (Title II) and for Supplemental Security Income payments (Title XVI) on March 31, 2009.  *See* Weigel Decl., ¶ 3(a) (Docket No. 11) (citing Ex. 1 (Docket No. 12)).  These cases were denied by the State Agency on July 13, 2009.  *See id*.

　　2.　　Petitioner's September 10, 2009 reconsideration request was denied on November 5, 2009.  *See* Weigel Decl., ¶ 3(b) (Docket No. 11) (citing Ex. 2 (Docket No. 12, Att. 1)).

**MEMORANDUM DECISION AND ORDER - 1**

3. On November 30, 2009, Petitioner filed a Request for Hearing before an Administrative Law Judge ("ALJ"). *See* Weigel Decl., ¶ 3(c) (Docket No. 11) (citing Ex. 3 (Docket No. 12, Att. 2)).

4. On January 25, 2011, ALJ Lloyd E. Hartford held a hearing in Boise, Idaho, at which time Petitioner, represented by attorney Josh Decker, appeared and testified. *See* Ex. 3 (Docket No. 12, Atts. 2-5). A medical expert, Kristy Farnsworth, Ph.D., and a vocational expert, Anne F. Aastum, also appeared and testified. *See id*.

5. On March 31, 2011, the ALJ issued a decision denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act. *See* Weigel Decl., ¶ 3(c) (Docket No. 11) (citing Ex. 3 (Docket No. 12, Atts. 2-5)).

6. On April 20, 2011, Petitioner requested review from the Appeals Council. *See* Weigel Decl., ¶ 3(d) (Docket No. 11) (citing Ex. 4 (Docket No. 12, Att. 7)). At this time, Petitioner was represented by attorney Jessica B. Bublitz. *See* Ex. 4 (Docket No. 12, Att. 7).

7. On June 7, 2011, Petitioner filed a subsequent application for benefits. *See* Weigel Decl., ¶ 3(e) (Docket No. 11) (citing Ex. 4 (Docket No. 12, Att. 8).

8. On July 20, 2012, the Appeals Council vacated the March 31, 2011 decision and remanded the action to an ALJ for further proceedings, in addition to combining Petitioner's June 7, 2011 claims into the remanded action. *See* Weigel Decl., ¶ 3(d) (Docket No. 11) (citing Ex. 4 (Docket No. 12, Att. 7) ("The claimant filed a subsequent claim for Title II and Title XVI benefits on June 7, 2011. The Appeals Council's action with respect to the current claims renders the subsequent claims duplicate. Therefore, the [ALJ] will associate the claim files and issue a new decision on the associated claims.")).

**MEMORANDUM DECISION AND ORDER - 2**

9.      On July 16, 2013, ALJ Lloyd Hartford held a second hearing in Boise, Idaho, at which time Petitioner, represented by attorney Jessica Bublitz, appeared and testified. *See* Ex. 4 (Docket No. 12, Atts. 8-11).[1] A medical expert, James R. Bruce, Ph.D., and a vocational expert, John F. Hurst, also appeared and testified. *See id.*

10.     On August 9, 2013, the ALJ issued a second decision denying Petitioner's claims, finding again that Petitioner was not disabled within the meaning of the Social Security Act. *See* Weigel Decl., ¶ 3(e) (Docket No. 11) (citing Ex. 4 (Docket No. 12, Atts. 8-11)). This decision addressed Petitioner's June 7, 2011 claims. *See* Ex. 4 (Docket No. 12, Att. 8) ("In addition, the undersigned notes that the claimant filed a subsequent claim for title II and Title XVI benefits on June 7, 2011. Pursuant to the Appeals council's Remand Order, these subsequent claims have been associated with the initial claim file, and this decision will address all of the associated claims."). Relevant here, the ALJ's Notice of Decision indicated, *inter alia*, that:

- If Petitioner disagreed with the decision, he could "file an appeal with the Appeals Council" within 60 days, while also providing instructions on how to file an appeal.

- If Petitioner filed an appeal, "[t]he Appeals Council will send [him] a notice telling [him] what it decides to do" and "[i]f the Appeals Council denies [his] appeal, [the ALJ's] decision will become the final decision."

- If Petitioner did not appeal and the Appeals Council did not review the decision on its own, the "decision will become final" and can be changed

---

[1] Petitioner submits that, after the Appeals Council's July 20, 2012 Notice, "[t]he case was then heard by the ALJ again at a hearing, which took place at the end of 2012, and after that hearing new evidence was added to the file, so the claimant requested a Supplemental Hearing, which was then held on May 28, 2013 telephonically." Opp. to Mot. to Dismiss, p. 2 (Docket No. 13). While this may be true, Petitioner does not cite to any evidence in the record to support such statements. Even so, any discrepancy in this respect in this respect is immaterial to the Court's resolution of Respondent's Motion to Dismiss when considering that the product of any interim hearing(s) is the undisputed August 9, 2013 decision (*see infra*).

**MEMORANDUM DECISION AND ORDER - 3**

    only under special circumstances" but that *"[he] will not have the right to Federal court review."*

•   If Petitioner disagreed with the decision, *"[he] should file an appeal within 60 days."*

*Id*. (emphasis added).

  11.  On August 19, 2013, Petitioner filed a Petition for Review in this Court, claiming that "[t]his action is an appeal from a final administrative decision denying petitioner's claim and commenced within the appropriate time period set forth in the Action of Appeals Council on Request for Review dated 08/09/2013." Pet. for Review (Docket No. 1).

  12.  On November 27, 2013, Respondent moved to dismiss Petitioner's claims for failure to exhaust administrative appeal remedies and, in turn, this Court's lack of subject-matter jurisdiction. *See* Mot. to Dismiss, pp. 1-2 (Docket No. 9). Specifically, Respondent argues that, because Petitioner did not appeal ALJ's August 9, 2013 decision to the Appeals Council, Petitioner did not exhaust his administrative remedies and, as a result, Petitioner's claims should be dismissed. *See generally* Mem. in Supp. of Mot. to Dismiss (Docket No. 9, Att. 1); *see also generally* Reply in Supp. of Mot. to Dismiss (Docket No. 14). Petitioner opposes Respondent's Motion to Dismiss, arguing that "(1) to further delay this claimant's ability to have his case heard in court, after the lengthy amount of years this has taken to even get adjudicated to this point, would be an abuse of his Constitutional due process of law, and (2) the administrative remedies have been exhausted, because the Appeals Council already reviewed the case and issued a decision, outlining what issues the ALJ needed to reconsider." Opp. to Mot. to Dismiss, p. 2 (Docket No. 13).

**MEMORANDUM DECISION AND ORDER - 4**

## II.  **DISCUSSION**

Federal courts are courts of limited jurisdiction and can only exercise power as "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  Congress, acting within its constitutional powers, can therefore prescribe the procedures and conditions necessary for judicial review of administrative orders.  *See Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958); *American Power & Light Co. v. S.E.C.*, 325 U.S. 385, 389 (1945).  Pertinent here, Congress has done so in Title II of the Social Security Act which limits a federal court's jurisdiction to "final decisions" of the Commissioner of Social Security:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  Additionally, § 405(h) states: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or government agency except as provided herein."  42 U.S.C. § 405(h).  Therefore, a "final decision" is a jurisdictional prerequisite for judicial review.

Not all agency determinations are final decisions triggering the right of judicial review. *See Califano v. Sanders*, 430 U.S. 99, 107-08 (1977).  The Social Security Act does not define which decisions are considered final for purposes of judicial review; rather, it is up to the Commissioner to establish by regulation what constitutes a "final decision."  *See* 42 U.S.C. § 405(a); *see also Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration."  *Weinberger*, 422 U.S. at 766.

**MEMORANDUM DECISION AND ORDER - 5**

This Court lacks jurisdiction to review the merits of Petitioner's claim because the ALJ's August 9, 2013 is not a final decision under 42 U.S.C. § 405(g). Under the Commissioner's regulations, a final decision required for judicial review is achieved only by exhaustion of administrative remedies. In *Weinberger*, the Supreme Court stated:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record which is adequate for judicial review.

*Id*. at 765. Applied to the instant case, exhaustion of administrative remedies involves, first, a hearing before an ALJ, followed by, second, an appeal to, and consideration by, the Appeals Council. *See, e.g.*, 20 C.F.R. 422.210(a) ("A claimant may obtain judicial review of a decision by an [ALJ] if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the Appeals Council, and the Appeals Council either grants or denies review.") (citations omitted). That never happened here.

It is true that Petitioner appealed the ALJ's first, March 31, 2011 decision to the Appeals Council on April 20, 2011. *See supra*. However that is not the decision that Petitioner now challenges and asks this Court to reverse – if it was, and the Appeals Council had either rendered a decision or denied Petitioner's request for review, this Court would arguably have jurisdiction to consider a related petition for review. But the Appeals Council neither issued a decision nor denied Petitioner's request for review; instead, on July 20, 2012, it simply vacated the ALJ's

**MEMORANDUM DECISION AND ORDER - 6**

March 31, 2011 decision and remanded the action to the ALJ for further proceedings.  *See supra*.  The ALJ then conducted another hearing (absorbing the Appeals Council's direction that motivated remand in the first instance), before issuing a second decision on August 9, 2013.  *See supra*.  It is *this* latter decision that Petitioner expressly seeks to overturn via this action.  But Petitioner never requested review from the Appeals Council as to that, later in time, decision, choosing instead to file his Petition for Review in this Court on August 19, 2013.[2]

In filing this action without first requesting review from the Appeals Council, Petitioner stepped over the requirement to exhaust administrative remedies.  Petitioner's failure to exhaust administrative remedies prevents this Court from extending subject matter jurisdiction over Petitioner's claims.  *See, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases.  In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.") (internal citations omitted).  This circumstance was *expressly* laid out before Petitioner within the ALJ's August 9, 2013 Notice of Decision, which said that: (1) Petitioner could file an appeal with the Appeals Council; (2) if Petitioner appealed and the Appeals Council denied his appeal, the ALJ's decision would

---

[2] Curiously, Petitioner's Petition for Review states in no uncertain terms that "[t]his action is an appeal from a final administrative decision denying petitioner's claim and commenced within the appropriate time period *set forth in the Action of Appeals Council on Request for Review dated 08/09/2013*."  *Supra* (emphasis added).  But there is no such "Action of Appeals Council on Request for Review dated 08/09/2013" in the record.  Indeed, Petitioner's briefing in opposition to Respondent's Motion to Dismiss seems to concede that no such request for review was ever pursued, arguing instead that no such request was needed in order to exhaust his administrative remedies prior to filing his Petition for Review.  But, if that is Petitioner's position, what point is it to reference an apparently non-existent "Action on Appeals Council on Request for Review dated 08/09/2013" within his Petition for Review.  In the Court's mind, this oddity raises more questions than answers.

**MEMORANDUM DECISION AND ORDER - 7**

become the final decision; (3) if Petitioner did not appeal to the Appeals Council, he would not have the right to judicial review; and (4) if Petitioner disagreed with the ALJ's decision, he should file an appeal within 60 days.  *See supra*.  Simply put, because Petitioner did not appeal the ALJ's August 9, 2013 decision, he did not exhaust his administrative remedies, leaving this Court without subject matter jurisdiction to consider Petitioner's Petition for Review.  *See, e.g.*, *Ingram v. Commissioner of Social Sec.*, 401 Fed. Appx. 234, *1 (9th Cir. 2010) ("The district court properly dismissed the claims arising under the Social Security Act for lack of subject matter jurisdiction because Ingram failed to exhaust his administrative remedies before seeking judicial review); *Bass*, 872 F.2d at 833 (9th Cir. 1989) ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.").  Therefore, Respondent's Motion to Dismiss is granted.

       Although not argued by Petitioner, the Ninth Circuit has adopted a three-part test for determining whether a particular case merits waiver of the Social Security Act's exhaustion requirement.  "'The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).'"  *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (quoting *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)).  It is unfortunate that the course of events described above remove this case from the possibility of judicial review here, given the length of time that has already transpired in regard to the ultimate decisions upon Petitioner's claims.  Petitioner argues that review by this Court is appropriate to avoid further delay and because the "Appeals Council already reviewed the case and issued a decision" (*see supra*).  Such arguments do not, however,

**MEMORANDUM DECISION AND ORDER - 8**

satisfy any of the elements needed to set aside the Social Security Act's exhaustion requirement as set out in *Kildare*.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Respondent's Motion to Dismiss is GRANTED.



DATED:  **June 10, 2015**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**